UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN RAY FISHER

    Petitioner,

v.                                                               Case No. 2:09-cv-246
                                                                                               HON. ROBERT HOLMES BELL

THOMAS K. BELL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus challenging the prison sentence he received for his conviction of possession of more than 50 but less than 450 grams of cocaine, MCL 333.7403 (2)(a)(iii). The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claims:

I. The trial court erred in denying his motion to suppress evidence found in his motel room.

II. There was insufficient evidence to support his conviction.

III. Marijuana seized in petitioner's motel room should have been suppressed.

IV. The prosecutor committed misconduct.

V. Petitioner's jail credit was improperly calculated.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

2

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that the trial court erred in denying his motion to suppress the money, cocaine, and other evidence seized by police officers in his motel room. In the opinion of the undersigned, petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that

3

evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted).

The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Indeed, petitioner did have the opportunity to raise these issues in the state courts where they were rejected. Accordingly, in the opinion of the undersigned, petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

Additionally, in determining whether a violation of petitioner's Fourth Amendment rights occurred when a third party consented to the search of their shared motel room, the Michigan Court of Appeals wrote:

> A third party may consent to a search where the consenting person has an equal right or possession or control of the premises. *Id.* Consent may also be valid where the police, at the time of entry, reasonably believe that the consenting person possesses common authority over the premises. *People v Goforth,* 222 Mich App 306, 312; 564 NW2d 526 (1997). The consent must be freely and voluntarily given to be valid. *People v Williams,* 482 Mich 308, 318; 696 NW2d 636 (2005). The voluntariness of consent is a question of fact determined under the totality of the circumstances. *Schneckloth*

> *v Bustamonte,* 412 US 218, 227; 93 S Ct 2041; 36 L Ed 2d 854 (1973).

Michigan Court of Appeals' Opinion, Docket #22, at 4.

Despite testimony from the third party stating that her consent was involuntary, the trial court found that the third party's testimony was not credible and that she freely and voluntarily consented to the search. The Michigan Court of Appeals agreed with the trial court's ruling by finding that no clear error had occurred.

Petitioner claims that there was insufficient evidence linking him to the cocaine to support his conviction. The Michigan Court of Appeals wrote:

> Evidence showed that defendant and Ms. Betker shared the motel room where the cocaine was found. Although defendant's mere presence in the room is insufficient to prove constructive possession, *Wolfe, supra,* at 520, defendant was circumstantially linked to approximately 85 grams of cocaine through evidence that the cocaine was found with male toiletries. A rational trier of fact could reasonably infer that defendant had a right to exercise control over the cocaine and was aware of its presence. And while the prosecution was not required to prove an intent to deliver, the evidence that defendant constructively possessed the cocaine is further buttressed by circumstantial evidence that defendant was involved in selling cocaine. In addition to the ledger and packaging materials found in the vicinity of the cocaine, there was evidence that defendant's jacket contained $8,000 in cash bundled in increments of $1,000. The prosecutor's rebuttal witness, Marquette City Police Officer Mathias Munger, testified that it is not uncommon for persons engaged in drug sales to bundle cash in $1,000 increments to pay the supplier. Although defendant denied knowledge of the cocaine, the totality of the circumstances showed a sufficient nexus between defendant and the cocaine to establish his constructive possession beyond a reasonable doubt.

Michigan Court of Appeals' Opinion, Docket #22, at 2.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational

trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

        Petitioner argues that the trial court erred in allowing into evidence marijuana that was seized in his hotel room. Petitioner claims that the probative value was outweighed by the prejudicial effect contrary to Michigan state law. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-68.

        The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the

denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

In this case, the trial court ruled that the evidence was crucial because it was needed to complete the alleged crime scene. The Michigan Court of Appeals agreed, stating that the more the jurors knew about the condition of the motel room, the better equipped they were to perform their duty. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner raises claims of prosecutorial misconduct. Petitioner asserts that the prosecution's remark in his opening statement referring to the fact that he had never seen $9,000 before was irrelevant and lacked evidentiary support. The Michigan Court of Appeals wrote: "Examined in context, the prosecutor's remark, 'Here's some of the money spread out, just to give you an idea of what it looks like, because, you know, in my personal life, I've never seen $9,000 cash,' was merely offered to explain why the prosecutor was displaying the money." Petitioner also asserts that the prosecutor improperly commented multiple times on the fact that petitioner was unemployed. The Michigan Court of Appeals found that the prosecutor's comments referring to petitioner's unemployment was not to show the petitioner as poor, but to show that the $9,000 found

7

in the motel room was from drug sales. Petitioner further argues that during his cross-examination the prosecutor elicited irrelevant and prejudicial information. The Michigan Court of Appeals found that when the prosecutor claimed that it was difficult to check out petitioner's story, he was not acting in bad faith, he was merely attacking the weakness of petitioner's defense. Additionally, petitioner claims that the prosecution shifted the burden of proof to him in his closing argument. The Michigan Court of Appeals rejected petitioner's claim, stating that the prosecutor never suggested to the jury that the petitioner had the burden of proof, only that petitioner's testimony was designed in a way in which it could not be verified. Furthermore, the Court of Appeals referred to the instructions given to the jury by the trial court:

> The prosecutor must prove each element of the crime beyond a reasonable doubt. The defendant is not required to prove his innocence or to do anything. This includes verification of the defendant's claimed receipt of money from life insurance, car sale, and casino winnings, none of which he has to prove. However, the prosecutor may attack his claims about how he got the money.

Michigan Court of Appeals' Opinion, Docket #22, at 11.

Petitioner argues that the prosecution denigrated defense counsel when it remarked in its closing argument that counsel made a vague opening statement so that "the defense could vary its approach, depending on what the evidence turns out to be." The Michigan Court of Appeals found that a prosecutor may comment on the weakness of a defense theory used at trial as well as the failure to offer evidence in support of a defense theory.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for

evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

The Michigan Court of Appeals summed up these claims by stating they were "unpersuaded that defendant has demonstrated actual errors that, cumulatively considered, denied defendant a fair trial. 'Defendant was entitled to a fair trial, not a perfect one.' *Abraham, supra* at 279." In the opinion of the undersigned, the Michigan Court of Appeals' decision was reasonable.

Petitioner argues that his jail credit was inaccurately calculated. Petitioner claims that he was denied credit for time served in jail while awaiting trial and sentencing. Although this particular issue was in fact presented to the Michigan Supreme Court, a petitioner does not exhaust his state court remedies if the claim is presented for discretionary review, for the first time, to the state's highest appellate court. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v Boerckel*, 119 S Ct 1728, 1731 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. See *O'Sullivan*, 119 S Ct. at 1732; *Picard v. Connor*, 404 US 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 US 364, 365 (1995) and *Anderson v. Harless*, 459 US 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's

highest court. *Duncan*, 513 US at 365-366; *Silverburg v. Evitts*, 993 F2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 119 S Ct at 1732.

A federal court cannot entertain a petition that includes both exhausted and unexhausted claims for habeas review. A petitioner must either delete the unexhausted claim or accept dismissal without prejudice to pursuing the unexhausted claim in state court. *Rose v Lundy,* 455 US 509, 510 (1982). The federal court is authorized to deny relief on the merits of an unexhausted claim. Because petitioner has at least one available procedure by which to raise the issue presented, this claim must be deemed unexhausted.

Furthermore, this claim is without merit under state law. If a prisoner commits a new felony while on parole, "the sentence for the instant offense must be consecutive to the sentence for which he was on parole." *People v Watts,* 186 Mich App 686, 687-688; 464 NW2d 715 (1991). Also, "a defendant who has received a consecutive sentence is not entitled to credit against the subsequent sentence for time served;" instead, "any credit for time served should be applied against the first sentence." *Id.* Petitioner claims he was denied credit for the time spent in jail between arrest and sentencing on the new offenses. Petitioner cites MCL 769.11b:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

This statue is inapplicable to petitioner. Petitioner was not in jail because he was denied or unable to afford bond. This claim is a challenge to the application and interpretation of state law and should

10

be deemed non-cognizable on habeas review. *Gilmore v Taylor,* 508 US 333, 342, 344 (1993); *Estelle v McGuire,* 502 US 62 (1991); *Doyle v Scott,* 347 F Supp 2d 474, 485 (ED Mich, 2004).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 13, 2011