UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN RAY FISHER,

       Petitioner,

                                    Case No.  2:09-CV-246

v.

                                    HON. ROBERT HOLMES BELL

THOMAS K. BELL,

       Respondent.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION AND**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On July 13, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Kevin Ray Fisher's § 2254 petition for writ of habeas corpus be denied.  (Dkt. No. 26, R&R.) This matter is before the Court on Petitioner's  objections to the R&R.  (Dkt. No. 29, Obj.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the R&R's reliance on *Stone v. Powell*, 428 U.S. 465 (1976),[1] as a basis for dismissing his argument that the trial court erred in denying his motion to suppress evidence.  Petitioner contends that *Stone* is no longer good law because it has been replaced by AEDPA standards.  According to Petitioner, a hearing on the merits is not "full and fair" if the decision is "contrary to" or an "unreasonable" application of Supreme Court precedent.

The cases that have addressed Petitioner's argument that *Stone* is no longer viable after enactment of the AEDPA have uniformly rejected Petitioner's argument.  *See*, *e.g.*, *Veasman v. Mullin*, 279 F. App'x 645, 647 (10th Cir. 2008) (holding that the rule in *Stone* "has survived the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA)"); *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002) ("The AEDPA's changes to § 2254(d) apply only to cases within the scope of § 2254(a) . . . and *Stone* is based on an interpretation of § 2254(a) that treats inaccurate administration of the exclusionary rule as outside the scope of that statute."); *Jacobs v. Cockrell*, 2002 WL 31688875, at *11 (5th Cir. 2002) (rejecting argument that Congress abolished the *Stone* distinction between Fourth Amendment claims and other claims when it enacted AEDPA, and holding that *Stone* is still good law); *Adkins v. Motley*, No. 08-09-ART, 2009 WL 960107, at *11 (E.D. Ky. Apr. 7, 2009) ("*Stone* remains binding precedent as to the availability of the Fourth Amendment as

---

[1]The Supreme Court concluded in *Stone* that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 494-95.

a basis for habeas relief.") .

Although the Sixth Circuit has not directly addressed Petitioner's argument, it has repeatedly applied *Stone* in post-AEDPA cases. *See, e.g., Harding v. Russell*, 156 F. App'x 740, 745 (6th Cir. 2005) (concluding that the petitioner's Fourth Amendment claim was foreclosed by *Stone*); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000) (holding that because the petitioner challenged the allegedly illegal search or seizure in a pretrial suppression hearing, she could not obtain habeas relief based on any alleged illegal search or seizure, citing *Stone*); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) ("A habeas petitioner may not seek habeas relief on a claim of illegal arrest if he had a full and fair opportunity to raise the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes."). *See also Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (noting that under *Stone*, Fourth Amendment violations are generally not cognizable on federal habeas unless the State has failed to provide an opportunity for full and fair litigation of the Fourth Amendment claim).

The relevant inquiry under *Stone* is whether the habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *Good v. Berghuis*, No. 1:12-CV-10243, 2012 WL 628545, at *3 (E.D. Mich. Feb. 27, 2012)). *Stone* "guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003). Because Petitioner had a full and fair opportunity to present his Fourth Amendment claims, the R&R correctly determined that his argument that the trial court erred in denying his

motion to suppress evidence must be denied.

Petitioner's second objection is based on his contention that if the evidence had been suppressed, there would have been insufficient evidence to support a conviction.  Because Petitioner does not succeed on the suppression issue, his sufficiency of the evidence claim also fails.

Petitioner's third objection is to the R&R's recommendation that the Court deny a certificate of appealability.  For the reasons stated in the R&R and in this order, Petitioner has not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 29) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 13, 2011, Report and Recommendation of the Magistrate Judge (Dkt. No. 26) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: July 27, 2012                                  /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE